# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JIMMIE C. GARDNER,**

      **Plaintiff,**

v.

                                      **Civil Action No. 2:17-cv-03934**
                                        **Honorable John T. Copenhaver, Jr.**

**KANAWHA COUNTY COMMISSION;**
**and KANAWHA COUNTY PROSECUTING**
**ATTORNEY, in his official**
**capacity;**

      **Defendants.**

## DEFENDANT KANAWHA COUNTY COMMISSION'S MOTION FOR RELIEF FROM THE ORDER DENYING ITS MOTION TO DISMISS

**NOW COMES** Defendant, Kanawha County Commission ("KCC"), by counsel, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and moves the Court to reconsider its rulings set forth in its Memorandum Opinion and Order (ECF 57), denying KCC's Motion to Dismiss, and to enter an order granting KCC relief from the Court's Order, thereby dismissing Plaintiff's Complaint against KCC, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim. The legal basis for this Motion is more fully set forth in KCC's Memorandum of Law in Support filed contemporaneously herewith.

      1.    On August 28, 2019, the Court entered its Memorandum Opinion and Order (ECF 57) concluding that Plaintiff's "lone surviving claim is his [Count I] § 1983 claim against the Prosecuting Attorney's Office and the County Commission" based on the Court's finding that Plaintiff "stated a plausible § 1983 claim against the Prosecuting Attorney's Office and, by extension, the County Commission of Kanawha County, under either a final policymaking authority or a custom or usage theory of liability." (ECF 57 at 63.)

      2.    Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against KCC as Plaintiff fails to plead facts sufficient to prove the existence of any official policy or custom fairly

attributable to KCC that proximately caused his alleged deprivation of constitutional rights and as liability may not be imputed upon KCC predicated on the alleged conduct of the Prosecuting Attorney and/or Prosecuting Attorney's Office's (sometimes collectively referred to as "PAO").

3.      "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

4.      A local government is liable under 42 U.S.C. § 1983 only "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

5.      Dispositive to Plaintiff's § 1983 claim against KCC, the Prosecuting Attorney and PAO are autonomous from KCC and, instead, function as the prosecutorial arm of the State of West Virginia. *See, e.g., State ex rel. Moran v. Ziegler*, 161 W. Va. 609, 613-14, 244 S.E.2d 550, 552 (1978); *State v. Bennett*, 181 W. Va. 269, 273, 382 S.E.2d 322, 326 (1989); *State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 234 W. Va. 238, 256-57, 764 S.E.2d 769, 787-88 (2014). Moreover, KCC possesses no powers or authorities over the PAO's autonomous prosecutorial operations on behalf of the State related to Plaintiff's criminal prosecution which underlies his claims. *See* W. Va. Const. art. IX, § 11. As the PAO is the prosecutorial arm of the State and does not answer to the KCC, § 1983 liability predicated on the Prosecuting Attorney's actions, which may not be equated with that of the County or KCC, cannot be imputed upon KCC. Accordingly, KCC respectfully disagrees with the Court's equating actions of the Prosecuting Attorney and PAO with the actions of the County (ECF 57 at 51) and concluding that Plaintiff "stated a plausible § 1983 claim against the Prosecuting Attorney's Office and, by extension, the County Commission of Kanawha County, under either a final policymaking

authority or a custom or usage theory of liability". (ECF 57 at 63.)

**WHEREFORE**, for the reasons set forth fully in KCC's concurrently filed Memorandum of Law in Support, KCC respectfully moves the Court to reconsider its rulings set forth in its Memorandum Opinion and Order (ECF 57), denying KCC's Motion to Dismiss, and to enter an order granting KCC relief from the Court's Order, thereby dismissing Plaintiff's Complaint (ECF 1) against KCC, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. KCC requests any such other and further relief, including costs and attorneys' fees, whether legal or equitable in character, as to which it may be entitled.

<div style="margin-left:40%">

**KANAWHA COUNTY COMMISSION,**

**By Counsel,**

*/s/ Johnnie E. Brown*
Johnnie E. Brown, WV State Bar No. 4620

</div>

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
Email: jbrown@pffwv.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JIMMIE C. GARDNER,**

     **Plaintiff,**

**v.**                              **Civil Action No. 2:17-cv-03934**
                                          **Honorable John T. Copenhaver, Jr.**

**KANAWHA COUNTY COMMISSION;**
**and KANAWHA COUNTY PROSECUTING**
**ATTORNEY, in his official**
**capacity;**

     **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, Kanawha County Commission, does hereby certify on this 17<u>th</u> day of September, 2019, that a true copy of the foregoing *"Defendant Kanawha County Commission's Motion for Relief from the Order Denying Its Motion to Dismiss"* thereof was served upon opposing counsel electronically using the CM/ECF system and, to those not participating in electronic filing, by delivering the same, via U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

<div align="center">

Robert P. Dunlap, Esquire
Dunlap & Associates
208 Main Street
Beckley, WV 25801
***Counsel for Plaintiff***

Andrew M. Weiner, Esquire
A. Scott Bolden, Esquire
Reed Smith LLP
1301 K Street NW, Suite 1000
Washington, DC 20005
***Counsel for Plaintiff***

</div>

                                     */s/ Johnnie E. Brown*
                                    Johnnie E. Brown, WV State Bar No. 4620

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
Email: jbrown@pffwv.com