IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JIMMIE C. GARDNER,

   Plaintiff,

v.             Civil Action No. 2:17-cv-03934
             Honorable John T. Copenhaver, Jr.

KANAWHA COUNTY COMMISSION;
and KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official
capacity;

   Defendants.

**DEFENDANT KANAWHA COUNTY COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE ORDER DENYING ITS MOTION TO DISMISS**

  **NOW COMES** Defendant, Kanawha County Commission ("KCC"), by counsel, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and respectfully moves the Court to reconsider its rulings set forth in its Memorandum Opinion and Order (ECF 57), denying KCC's Motion to Dismiss, and to enter an order granting KCC relief from the Court's Order, thereby dismissing Plaintiff's Complaint (ECF 1) against KCC, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim. In support of this Motion, KCC states as follows:

## I.  MATERIAL PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS

  On January 2, 2018, Defendants, KCC; Kanawha County, West Virginia; Kanawha County Prosecuting Attorney; Reagan E. Whitmyer; and John J. Frail (collectively, "Kanawha County Defendants"), filed their joint Motion to Dismiss and Memorandum of Law in Support (ECF 32, 33), seeking dismissal of all five Counts asserted in Plaintiff's Complaint (ECF 1) predicated on: (A) absolute prosecutorial immunity shielding them from each of Plaintiff's five Counts; (B) Plaintiff's failing to plead a "policy or custom" sufficient to sustain his 42 U.S.C. § 1983 action against KCC under Count I; (C) the West Virginia Governmental Tort Claims and Insurance Reform Act's shielding Kanawha County Defendants from liability for Counts II

through V; (D) the applicable statutes of limitations' barring Counts II through V; and (E) Plaintiff's failing to join the necessary and indispensable parties of the West Virginia State Police and the Division of Public Safety, warranting dismissal of all Counts pursuant to Federal Rule of Civil Procedure 12(b)(7).

On August 28, 2019, the Court entered its Memorandum Opinion and Order (ECF 57) granting Kanawha County Defendants' Motion to Dismiss Counts II to IV but concluding that Plaintiff's "lone surviving claim is his [Count I] § 1983 claim against the Prosecuting Attorney's Office and the County Commission" based on its finding that Plaintiff "stated a plausible § 1983 claim against the Prosecuting Attorney's Office and, by extension, the County Commission of Kanawha County, under either a final policymaking authority or a custom or usage theory of liability." (ECF 57 at 63.)

## II.   <u>STANDARD OF REVIEW</u>

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for relief from an order predicated on the Court's misapplication of the law in ruling on a motion to dismiss: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). *See, e.g.*, *Lim v. Tisack*, No. 7:16-cv-00029, 2017 U.S. Dist. LEXIS 120635 at \*3-4 (W.D. Va. Aug. 1, 2017) (reasoning, where plaintiff asserted that the court misconstrued the facts and misapplied the law, plaintiff presumably relied on provisions of Rule 60(b)(1) and (b)(6) authorizing the court to vacate a judgment in instances of "mistake" or in situations where "any other reason . . . justifies relief" and noting, "[t]he Fourth Circuit has indicated that either of these provisions may be used to address mistakes made by the court") (citing *Aikens v. Ingram*, 652 F.3d 496, 510 n. 7 (4th Cir. 2011)); *U.S. v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("In certain limited circumstances, the word 'mistake' in Rule 60(b) has . . . been read to include

mistakes by the court."); *White v. Inv'rs Mgmt. Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989) (noting that Rule 60(b)(6) covered a motion to vacate a grant of summary judgment based on the court's mistake); *Lim*, 2017 U.S. Dist. LEXIS 120635 at *3-4. "Whether a case qualifies under [Rule 60(b)] for relief is one for discretion of the district judge". *White*, 888 F.2d at 1040 (citing *Williams*, 674 F.2d at 312).

KCC timely filed the instant Motion within a reasonable time. *McKinzie v. U.S.*, No. 2:11-cv-00157, 2012 U.S. Dist. LEXIS 7207 at *6-9 (S.D. W. Va. Jan. 20, 2012) ("In non-habeas contexts, where a Rule 60(b) motion is used to challenge a substantive ruling by the district court, courts have required that such a motion be filed within the time frame required for the filing of a notice of appeal", citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996), stating that a Rule 60(b)(1) motion challenging a substantive judicial mistake must be filed within the time frame required for the filing of a notice of appeal).

Dismissal for failure to state a claim upon which relief can be granted is proper where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. FED. R. CIV. P. 12(b)(6). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* at 555. Complaints in federal civil rights cases require a heightened pleading standard. *Randall v. U.S.*, 95 F.3d 339, 344 (4th Cir. 1996). A complaint survives a motion to dismiss only if it "alleges the specific conduct violating the plaintiff's right, the time and the place of that conduct, and the identity of the responsible officials." *Preast v. McGill*, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999) (quotation marks and citation omitted).

## III.    LAW AND ARGUMENT

Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against KCC as Plaintiff fails to

plead facts sufficient to prove the existence of any official policy or custom fairly attributable to KCC that proximately caused Plaintiff's alleged deprivation of constitutional rights and as liability may not be imputed upon KCC predicated on the alleged conduct of the Prosecuting Attorney and/or Prosecuting Attorney's Office's (sometimes collectively referred to as "PAO").

In support of Plaintiff's only surviving § 1983 claim, Plaintiff alleges that his Fourteenth Amendment due process rights were violated by the Prosecuting Attorney's presenting Fred Zain's expert testimony and failing to disclose exculpatory information regarding Zain and the Charleston Police Department's creating "an inaccurate and unreliable, and possibly even faked and fraudulent, fingerprint record." (ECF 1, Compl. ¶¶ 100, 102, 107.)

However, KCC's liability as a local government must be direct and *respondeat superior* theory of liability does not suffice as "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). Accordingly, the Supreme Court of the United States instructs that a local government is liable under § 1983 only "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Further,

A local government manifests a "policy or custom" in four ways:

(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

(ECF 57 at 53.)

KCC agrees with the Court's concluding that Plaintiff does not attempt to establish manifestation of a requisite "policy or custom" through an express policy such a written ordinance or regulation (ECF 57 at 53) and that Plaintiff "fails to state a plausible § 1983 claim

against the Prosecuting Attorney for failure to train his subordinates." (ECF 57 at 61). The Court concluded that Plaintiff "stated a plausible § 1983 claim against the Prosecuting Attorney as the official holding final policymaking authority" (ECF 57 at 56) and "alleged enough factual matter, taken as true, to state a plausible custom or usage claim against the Prosecuting Attorney's Office." (ECF 57 at 62.) KCC agrees with these two conclusions to the extent the Court found that the Prosecuting Attorney, rather than KCC, is the policymaker as to matters underlying Plaintiff's claims related to his criminal prosecution and engages in the practices which the Court concluded were sufficient to state a plausible custom.

However, KCC respectfully disagrees with the Court's following statement, equating actions of the Prosecuting Attorney and PAO with the actions of the County in concluding that KCC may be held vicariously liable for the Prosecuting Attorney's and PAO's actions: "So, '[f]or the purpose of evaluating [Kanawha County's] potential liability under § 1983, [this] opinion . . . equate[s] the actions of [the Prosecuting Attorney] in his official capacity [and the County Commission] with the actions of the county itself.' [*Brandon v. Holt*, 469 U.S. 464, 472 (1985) (discussing *Monell*)]." (ECF 57 at 51.)

More specifically, KCC respectfully disagrees with the Court's reliance upon *Monell* to hold KCC liable for PAO's conduct, essentially finding the two entities are one in the same, without fully considering how the relationship between KCC and PAO is factually distinguishable from the municipal entities in *Monell*. Here, discussed, *infra*, the PAO is clearly, indisputably functions as a separate entity from the County and KCC, unlike *Monell* where the City of New York's Department of Social Services had no greater separate identity from the City than did the Director of the Department acting in his official capacity. *See Monell*, 436 U.S.C. at 661 n. 2 (plaintiffs alleged that New York had a citywide policy of forcing women to take maternity leave after the fifth month of pregnancy unless a city physician and the head of an employee's agency allowed up to an additional two months of work which defendants did not

deny); *id.* at 662 n. 4 ("Petitioners conceded that the Department of Social Services enjoys the same status as New York City for *Monroe* purposes."); *Brandon*, 469 U.S. at 472 (discussing *Monell*). Accordingly, in *Monell*, the Supreme Court equated the actions of the Director of the Department in his official capacity with the actions of the city itself.

In the instant matter, however, dispositive to Plaintiff's § 1983 claim against KCC, the Prosecuting Attorney and PAO are autonomous from KCC and, instead, function as the prosecutorial arm of the State of West Virginia. The prosecuting attorney for any county is expressly elected by county voters, pursuant to Article IX, § 1, of the West Virginia Constitution, and their powers are statutorily defined under West Virginia Code § 7-4-1. *See* W. Va. Const. art. IX, § 1 ("[t]he voters of each county shall elect . . . a prosecuting attorney . . . who shall hold . . . office[] for the term of four years"); *State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 234 W. Va. 238, 256, 764 S.E.2d 769, 787 (2014) (Article IX, § 1 "does not in and of itself set out the duties of the prosecutor. The authority for setting out the duties of the prosecutor is contained in Article 4, § 8 of the Constitution, which provides that '[t]he legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, the . . . powers and compensation of all public offices[.]' Pursuant to its constitutional authority, the Legislature sets out the duties of prosecutors in W. Va. Code § 7-4-1 (1971) (Repl. Vol. 2010)").

Significantly, the PAO is the prosecutorial arm of the State. *See, e.g., State ex rel. Moran v. Ziegler*, 161 W. Va. 609, 613-14, 244 S.E.2d 550, 552 (1978) ("prosecution, an arm of the State which much always guard against the appearance of impropriety"); *State v. Bennett*, 181 W. Va. 269, 273, 382 S.E.2d 322, 326 (1989); *State v. Boyd*, W. Va. 234, 233 S.E.2d 710, 717 (1977); *State v. West*, 157 W. Va. 209, 219, 200 S.E.2d 859, 866 (1973). Accordingly, the Prosecuting Attorney exercises final policy-making authority on behalf of the State: "The prosecuting attorney shall attend to the criminal business of the state in the county in which he or she is elected and qualified . . . ." W. Va. Code § 7-4-1 (emphasis added). The Supreme Court of

Appeals of West Virginia has explained:

> As a result of the interplay between West Virginia Constitution article 9, § 1 and
> W. Va. Code § 7-4-1, we have held that "[t]he prosecuting attorney is the
> constitutional officer charged with the responsibility of instituting prosecutions
> and securing convictions on behalf of the State of those who violate the criminal
> law. He is charged with the duty of prosecuting all crimes[.]" *State ex rel. Skinner
> v. Dostert*, 166 W. Va. 743, 750, 278 S.E.2d 624, 630 (1981). That is, "[g]enerally
> speaking, the prosecutor has exclusive authority to prosecute criminal offenses at
> the trial level in the name of the state." Franklin D. Cleckley and Louis J. Palmer,
> Jr., *Introduction to the West Virginia Criminal Justice System and Its Laws* 229
> (1994).

*State ex rel. Morrisey*, 234 W. Va. at 256-57, 764 S.E.2d at 787-88.

Although the County is charged under the West Virginia Constitution and W. Va. Code 7-1-3 with fiscal governance of the County's monies and provides monies to ensure the operation of the PAO, the PAO does not exercise any County power and does not answer to any County authorities but for seeking funds to operate. *See, e.g., Bibbs v. Newman*, 997 F. Supp. 1174, 1181-82 (S.D. Ind. 1998) (reasoning that "a prosecuting attorney does not exercise county power and does not answer to county authorities except for seeking 'necessary' funds to operate the office" and "[w]eighing against the limited significance of the county appropriations for office operations are the prosecuting attorney's role as a state official under the state constitution" in holding that a prosecuting attorney acts as an officer of the state when hiring and firing deputy prosecuting attorneys and, thus, entitled to Eleventh Amendment immunity as the prosecuting attorney is not a "person" subject to suit for damages under § 1983 in his official capacity).

Moreover, KCC possesses no powers or authorities over the PAO's autonomous prosecutorial operations on behalf of the State related to Plaintiff's criminal prosecution which underlies his claims. The KCC has no authority of the grand jury, who is prosecuted, or any policy of the PAO. That West Virginia Constitution and West Virginia Code gives no authority to the KCC to do any of these acts or anything like onto it. KCC is a constitutionally-created body that possesses only such powers expressly conferred by the West Virginia Constitution and

the Legislature through laws enacted pursuant to the Constitution: "The county [commission] is a corporation created by statute, and possessed only of such powers as are expressly conferred by the Constitution and legislature, together with such as are reasonably and necessarily implied in the full and proper exercise of the powers so expressly given. It can do only such things as are authorized by law, and in the mode prescribed." Syl. Pt. 3, *Barbor* v. *Cnty. Court of Mercer Cnty.*, 85 W. Va. 359 (1920); Syl. Pt. 1, *State ex rel. Cnty. Court v. Arthur*, 150 W. Va. 293, 145 S.E.2d 34, (1965). Article IX, § 11 sets forth county commissions' powers and expressly provides, "commissions may exercise such other powers, and perform such other duties, not of a judicial nature, as may be prescribed by law". W. Va. Const. art. IX, § 11 (emphasis added). Accordingly, the West Virginia Constitution expressly prohibits KCC from acting in a judicial capacity which includes the PAO's quasi-judicial operations. *See* Syl. Pt. 3, *State v. Boyd*, 160 W. Va. at 234, 233 S.E.2d at 710 (holding, "[t]he prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. . .  It is the prosecutor's duty to set a tone of fairness and impartiality, and while he may and should vigorously pursue the State's case, in so doing he must not abandon the quasi-judicial role with which he is cloaked under the law.").

Accordingly, as the PAO is the prosecutorial arm of the State and does not answer to the KCC, § 1983 liability predicated on Prosecuting Attorney's actions, which may not be equated with that of the County or KCC, cannot be imputed upon KCC. As the Court already concluded, the Prosecuting Attorney, for whose conduct may not be equated with KCC, may plausibly hold final policymaking authority (ECF 57 at 56) and engage in a custom or usage related to calling Zain as a witness in violation of *Giglio* and failing to disclose exculpatory Zain-related evidence in violation of *Brady* (ECF 57 at 62) is sufficient to state a § 1983 claim. However, Plaintiff has not alleged that a specific, official policy or custom fairly attributable to KCC that proximately caused his alleged deprivation of constitutional rights related to his criminal prosecution.

For the forgoing reasons, KCC respectfully disagrees with the Court's conclusion that Plaintiff "stated a plausible § 1983 claim against the Prosecuting Attorney's Office and, by extension, the County Commission of Kanawha County, under either a final policymaking authority or a custom or usage theory of liability." (ECF 57 at 63.) KCC respectfully requests the Court to reconsider its ruling on this issue as set forth in its Memorandum Opinion and Order (ECF 57), denying KCC's Motion to Dismiss, and requests the Court to enter an order dismissing Plaintiff's lone surviving § 1983 claim against it, with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

**WHEREFORE**, based on the foregoing, KCC respectfully moves the Court to enter an order granting KCC relief from the Court's Memorandum Opinion and Order (ECF 57), thereby dismissing Plaintiff's Complaint (ECF 1) against KCC, with prejudice. KCC requests any such other and further relief, including costs and attorneys' fees, whether legal or equitable in character, as to which it may be entitled.

**KANAWHA COUNTY COMMISSION,**

**By Counsel,**

*/s/ Johnnie E. Brown*
Johnnie E. Brown, WV State Bar No. 4620

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
Email: jbrown@pffw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JIMMIE C. GARDNER,**

      **Plaintiff,**

**v.**
                                      **Civil Action No. 2:17-cv-03934**
                                      **Honorable John T. Copenhaver, Jr.**

**KANAWHA COUNTY COMMISSION;**
**and KANAWHA COUNTY PROSECUTING**
**ATTORNEY, in his official**
**capacity;**

      **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned, counsel of record for Defendant, Kanawha County Commission, does hereby certify on this <u>17th</u> day of September, 2019, that a true copy of the foregoing *"Defendant Kanawha County Commission's Memorandum of Law in Support of Its Motion for Relief from the Order Denying Its Motion to Dismiss"* thereof was served upon opposing counsel electronically using the CM/ECF system and, to those not participating in electronic filing, by delivering the same, via U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

Robert P. Dunlap, Esquire
Dunlap & Associates
208 Main Street
Beckley, WV 25801
*Counsel for Plaintiff*

Andrew M. Weiner, Esquire
A. Scott Bolden, Esquire
Reed Smith LLP
1301 K Street NW, Suite 1000
Washington, DC 20005
*Counsel for Plaintiff*

                                  */s/ Johnnie E. Brown*
                                  Johnnie E. Brown, WV State Bar No. 4620

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545
Email: jbrown@pffwv.com