IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

JIMMIE C GARDNER,

    *Plaintiff*,

vs.                                                         Civil Action No. 2:17-cv-03934
                                                                     Honorable John T. Copenhaver, Jr.

KANAWHA COUNTY COMMISSION,
And KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official capacity,

    *Defendants*.

**PLAINTIFF'S OPPOSITION TO KANAWHA COUNTY PROSECUTING ATTORNEY'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND TO FILE AN ADDITIONAL MOTION TO DISMISS**

Plaintiff, by and through counsel, files this response in opposition to the Motion for Leave to File an Amended Answer and To File an Additional Motion to Dismiss (ECF No. 61) and its supporting memorandum (ECF. No. 62) (collectively referred to herein as the "Motion") filed by Kanawha County Prosecuting Attorney ("KCPA").

The Court should deny the Motion because (a) the motion is procedurally improper, (b) KCPA has failed to establish good cause to amend its Answer, and (c) the relief KCPA seeks is unfairly prejudicial to Plaintiff. For these reasons as explained more fully below, Plaintiff respectfully requests that this Court deny KCPA's Motion in its entirety.

## INTRODUCTION

Plaintiff, Jimmie C Gardner, is the victim of a tragic injustice delivered by the hands of bad actors operating under the color of law, including the defendants in this case. Plaintiff endured nearly thirty years of unjust incarceration as a result of his wrongful conviction secured by tainted, false, and unreliable evidence. From the very moment of his unlawful conviction,

Plaintiff has had to engage in a relentless battle to regain his freedom, and to obtain just compensation for the three-decades-long deprivation of his liberty. Notwithstanding the well-documented wicked acts of Fred Zain, which no one disputes, defendant KCPA and its co-defendant, Kanawha County Commission ("KCC"), whose own wrongful conduct is at issue in this lawsuit, seek to absolve themselves of any wrongdoing. Each of these defendants continues to delay its day of reckoning by pointing fingers elsewhere to avoid liability for their part in the theft of Plaintiff's freedom, the deprivation of his constitutional rights, and assault on his dignity.

These Defendants seek to avoid resolution of this case on the merits at all costs; but, they each must stand and answer for their role in the corruption that robbed Plaintiff of his liberty and violated his constitutional rights. On August 28, 2019, the Court entered its Memorandum Opinion and Order (ECF No. 57) (the "Order") concluding that Plaintiff has articulated a plausible claim for relief against KCPA under 42 U.S.C. § 1983. In response to the Order denying its motion to dismiss as to Plaintiff's § 1983 claim, KCPA asks the Court to: (a) allow it to amend its answer to Plaintiff's Complaint, notwithstanding that pleadings have closed; and (b) allow it to file a subsequent motion to dismiss, essentially allowing KCPA another shot at avoiding liability before reaching the merits of Plaintiff's claim. Likewise, Co-defendant KCC has filed its own post-opinion motion seeking reconsideration of the Order. *See* Kanawha County Commission's Motion for Relief from Order Denying Motion to Dismiss (ECF No. 59) and supporting memorandum (ECF No. 60) (collectively, the "KCC Motion"). Each of these pending motions is designed to further delay Plaintiff finally obtaining a trial on the merits. But, KCPA has failed to establish good cause to amend its answer, and its request to file a successive motion to dismiss is procedurally improper. Plaintiff therefore respectfully urges the Court to deny

KCPA's Motion in its entirety so as to avoid prejudice to Plaintiff, and to allow a trial on the merits.

## LAW AND ARGUMENT

**1.** **Legal Standard for Filing an Amended Answer.**

Amendment of pleadings before trial is governed by Rule 15(a) which provides, *inter alia*, that a party may amend its pleading with leave of court, and such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, when a motion to amend is filed after the deadline in a Rule 16(b) scheduling order, the motion is reviewed under the two-part test established in *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995), and adopted by this Court in *Stewart v. Coyne Textile Services*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003). *Felman Production, Inc. v. Industrial Risk Insurers*, No. 3:09-04781, 2010 WL 3119338, at *2 (S.D. W. Va. July 28, 2019).

According to the *Marcum* two-part test, "[o]nce the scheduling order's deadlines for amendment of pleadings has passed, a moving party must first satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum*, 163 F.R.D. at 254; *see also Stewart*, 212 F.R.D. at 496 (adopting *Marcum's* two-step test).

The "good cause" standard under Rule 16(b) concerns the diligence of the party seeking amendment. *Marcum*, 163 F.R.D. at 254. The focus of the inquiry is upon the moving party's reasons for seeking the modification. *Id.* If "good cause" is established, then a motion to amend is reviewed under Rule 15(a). Although Rule 15(a) provides for liberal amendment, the directive is not absolute and if a party has unduly delayed seeking amendment and the delay is accompanied by prejudice, bad faith, or futility, amendment should be denied. *W. Va. Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001).

In this case, KCPA seeks leave of court to amend its answer to "specifically raise and assert the defense of sovereign immunity afforded to it by the Eleventh Amendment." ECF No. 62 at 4. In determining whether amendment is allowable in this case, the Court must analyze KCPA's request by applying the *Marcum* two-part test. *Marcum*, 163 F.R.D. at 254. KCPA does not satisfy either prong of the test.

**2.     KCPA Has not Established Good Cause to Amend its Answer.**

KCPA must satisfy the "good cause" standard of Rule 16(b), which is typically shown by establishing that the reason for the amendment was not otherwise discoverable through due diligence. *Id.* KCPA's Motion makes no reference to Rule 16(b), and fails to address KCPA's diligence in any respect. KCPA acknowledges that the Court's order staying discovery also "set a deadline for the amendment of pleadings as April 6, 2018." *See* ECF No. 62 at 3, 5; *see also* ECF No. 47 (ordering stay of discovery and setting deadline for amendment of pleadings). Acknowledging that it "did not amend [its] Answer prior to the deadline," KCPA contends that it "reserved the right to amend . . . [and] there should be no finding that [it] was dilatory i[n] seeking 11th Amendment protection." ECF No. 62 at 5. This Court should find that KCPA's dilatory conduct was neither excusable, nor exemplary of "good cause."

KCPA has not demonstrated good cause, and the facts precipitating the Motion only bolster this point. KCPA offers no explanation for its extraordinary delay in seeking amendment of its Answer. This action has now been pending more than two years,[1] almost 22 months have elapsed since KCPA filed its Answer,[2] and the amendment deadline expired nearly 18 months ago.[3] KCPA's concessions that it did not raise its Eleventh Amendment defense in its Answer,

---

[1] ECF No. 1 (Plaintiff's Complaint filed on September 7, 2017).
[2] ECF No. 2 (Joint Answer to Plaintiff's Complaint filed on December 22, 2017).
[3] ECF No. 47 (Scheduling Order setting April 6, 2018, deadline for amending pleadings).

and that no discovery has occurred, underscore the fact that KCPA possessed all the facts and legal authority necessary to assert its proposed defense before the amendment deadline expired.

Indeed, the entire crux of KCPA's argument is that its proposed amendment is to "clarify a previously raised specific affirmative defense and immunity" it purportedly already raised, by providing further detail of its basis for this protection. In short, KCPA seeks amendment to clarify a pleading deficiency for a defense it *already contemplated* at the time that it submitted its Answer almost two years ago. ECF No. 62 at 4-5. This is precisely the lack of diligence contemplated by Rule 16(b) which courts frown upon. *See e.g. Dalton v. Dow Chemical Co.*, No. 2:18-cv-01494, 2019 WL 3759807, at *1 (S.D. W. Va. Aug. 8. 2019) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). By its own admission, KCPA's tardiness was due to its own failure to "specifically raise and assert the [Eleventh Amendment] defense" which undeniably demonstrates carelessness and a lack of diligence. Furthermore, KCPA argues that Plaintiff will not be prejudiced by its proposed late amendment. However, prejudice to Plaintiff is an irrelevant consideration for purposes of the Rule 16(b) analysis which focuses entirely on KCPA's diligence. *Dalton*, 2019 WL 3759807, at *2 (holding arguments relating to prejudice are part of the Rule 15(a) analysis and inapplicable to Rule 16(b) analysis).

KCPA's failure to demonstrate "good cause" is reason enough to deny its motion to amend outright. *See Marcum*, 163 F.R.D. at 254 ("[A] moving party *first* must satisfy the good cause standard of Rule 16(b).") (emphasis added); *see also Dalton*, 2019 WL 3759807, at *2 (declining to analyze Rule 15(a) prong after determination that movant failed to demonstrate good cause). In any event, KCPA also fails to satisfy the second Rule 15(a) prong.

### 3. Having Failed to Satisfy Rule 16(b), KCPA Can Find no Relief in Rule 15(a).

As set forth above, KCPA entirely ignored the first prong of the *Marcum* test, and relies only on Rule 15(a). KCPA contends that it is entitled to amend its answer because no discovery has commenced and Plaintiff will not be prejudiced. KCPA is wrong on both counts—discovery has commenced, as Plaintiff propounded discovery requests upon KCPA on October 2, 2019, and Plaintiff has been prejudiced, and continues to be, by KCPA's (and KCC's) intentional delays.

If a party has unduly delayed seeking amendment and the delay is accompanied by prejudice, bad faith, or futility, amendment should be denied. *W. Va. Hous. Dev. Fund*, 200 F.R.D. at 567. As set forth above, KCPA's delay in seeking amendment of its Answer is irrefutably unduly, considering that nearly two years have elapsed since it first answered Plaintiff's complaint. In the meantime, Plaintiff has been prejudiced by his inability to pursue this case on the merits (because KCPA and the other Defendants successfully obtained a stay of discovery while the prior motions to dismiss were pending), and will be further prejudiced if the Court allows amendment of the Answer to assert a defense that KCPA should have asserted in the first place, particularly because by its own account no discovery and no action has occurred in this case. To be clear, in light of the current scheduling deadlines, if the Court allows amendment, Plaintiff will be forced to expend additional time and resources investigating this newly asserted defense including responding to additional dispositive motions that KCPA will undoubtedly bring which will ultimately impair Plaintiff's ability to sufficiently engage in discovery and adequately prepare for trial.

For the reasons set forth above, Plaintiff respectfully requests that the Court deny KCPA's untimely motion to amend its Answer because KCPA has not demonstrated good cause for amendment which is sufficient to warrant denial. Alternatively, if the Court does find that

KCPA has established good cause irrespective of KCPA's failure to exercise diligence, Plaintiff requests denial of the Motion because of KCPA's unduly delay and the prejudice to Plaintiff.

**4.     Legal Standard for Filing an Additional Motion to Dismiss.**

KCPA seeks leave to file an additional Motion to Dismiss "solely on the issue of sovereign immunity under the 11th Amendment," on the grounds that the affirmative defense was "*generally raised in this Defendant's Answer and not fully briefed in its Original Motion to Dismiss*," such that the Court has not yet decided the issue. ECF No. 62 at 5. (emphasis added). KCPA offers no procedural basis or citation to authority in support of its request to file an additional motion to dismiss because there is none. Indeed, not only are subsequent motions to dismiss prohibited by the rules, they are procedurally improper after a party has filed a responsive pleading. *See* Fed. R. Civ. P. 12(b)(6) ("A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed.") (emphasis added); *see also* Fed. R. Civ. P. 12(g)(2) (limiting successive motions raising a defense that was available to a party but omitted from its earlier motion).

Here, not only does KCPA seek to file an amended answer despite its lack of diligence in doing so, it asks the Court for permission to ignore the rules to file a procedurally improper successive motion to dismiss to assert a defense that it admits was available to it when it filed its prior Rule 12(b)(6) motion. Surely, if KCPA truly considered itself an arm of the state entitled to Eleventh Amendment immunity, it would have raised this defense at its first opportunity (as it did with the host of other immunity defenses it raised). It seems that KCPA only became aware of its so called "arm-of the state" status when the Court noted in the Order that Defendants failed to raise the issue. The Court should therefore deny KCPA's request in its entirety because it slumbered on its opportunity to raise the defense in its Answer and its 12(b)(6) motion.

**5.      Consideration of the Merits of Eleventh Amendment Immunity is Improper at the Juncture.**

Furthermore, Plaintiff objects to KCPA's attempt to argue the merits of its Eleventh Amendment immunity defense in the present Motion because KCPA twice missed its opportunity to raise the defense, first in its answer, and again in its 12(b)(6) motion. Accordingly, consideration of the merits of the defense is not proper for resolution at this juncture, and is prejudicial to Plaintiff as he is forced to litigate an issue that could have and should have been adjudicated, if at all, when KCPA brought its motion to dismiss.

KCPA argues that it should be deemed an "arm-of-the-state" entitled to Eleventh Amendment immunity. ECF No. 62 at 7. However, the West Virginia Statutes contradict this contention. Indeed, the elected prosecuting attorney and assistant prosecuting attorneys are officers of the county not the state. *See* W. Va. Code § 7-4-1 (setting forth duties of prosecuting attorney as officer of the county in which he or she is elected); *see also* W.Va. Code § 5-3-2 (setting forth duties of attorney general as an officer for the state). Moreover, ***KCPA is identified as an agency of Kanawha County on KCC's website***. *See* Kanawha County Agencies, https://kanawha.us/county-agencies/ (last visited Oct. 6, 2019). KCPA relies on statutory language indicating that the county prosecutor is charged with securing convictions on behalf of the State as dispositive of the issue of whether KCPA is an arm of the state for purposes of Eleventh Amendment immunity. But such an expansive view of KCPA's function is untenable. KCPA relies upon the four-factor test articulated in *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456 (4th Cir. 1987), but notably and significantly fails to articulate whether application of this four-factor test weighs in favor of its claimed Eleventh Amendment immunity.

The Supreme Court interprets the Eleventh Amendment to protect states as well as their agencies and departments from suit in federal court. *Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state agency or department is characterized as an "arm of the state," and is entitled to immunity from suit under the Eleventh Amendment, when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself." *See Kirkland v. DiLeo*, 581 Fed.Appx. 111, 116 (3d Cir. 2014) (affirming district court's denial of motion to dismiss so that discovery may be had on the arm of the state issue). "When an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Ram Ditta*, 822 F.2d at 457 (discussing that to be the real party in interest, the state need not be named as a defendant, it is only necessary that the named party be the *alter ego* of the state);

In this case, KCC is fiscally responsible for the operation of KCPA, and presumably any judgment entered against KCPA will be paid by KCC and not by the state. *Id.* ("While many factors must be considered in determining whether an entity is the *alter ego* of the state, it is generally held that the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded."); *Bolden v. Southeastern Pennsylvania Trans. Auth.*, 953 F.2d 807, 816 (3d Cir. 1991); *see also* ECF No. 60 at 7 (acknowledging that KCC is charged with fiscal governance of KCPA).

KCPA asks this Court to allow it to fully explore the Eleventh Amendment issue via a motion to dismiss. However, a successive motion to dismiss is procedurally improper, and KCPA's motion is a naked attempt to take yet a third swing at avoiding the merits of Plaintiff's

claim. To the extent this Court permits KCPA even to amend its Answer to specifically assert Eleventh Amendment immunity, Plaintiff is entitled to discovery of the "arm of the state" issue.

## **CONCLUSION**

For all the reasons stated herein, KCPA has failed to establish that it is entitled to amend its Answer, or pursue a successive motion to dismiss. Accordingly, Plaintiff respectfully requests that KCPA's Motion be denied in its entirety.

[signature page follows]

Dated: October 10, 2019

Respectfully submitted,

Jimmie C Gardner

By Counsel:

/s/ Robert P. Dunlap, II
ROBERT P. DUNLAP, II (WV State Bar #10012)
208 Main Street
Beckley, WV 25801
Phone: 304-255-4762
Fax: 304-255-4760
Email: robertdunlapesq@gmail.com

A. Scott Bolden, *pro hac vice*
Andy M. Weiner, *pro hac vice*
Reed Smith LLP
1301 K Street NW, Suite 1000 - East Tower
Washington, DC 20005
Phone: (202) 414-9200
Fax: (202) 414-9299
Email: abolden@reedsmith.com
Email: aweiner@reedsmith.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

JIMMIE C GARDNER,

    *Plaintiff*,

vs.                                                                        Civil Action No. 2:17-cv-03934
                                                                       Honorable John T. Copenhaver, Jr.

KANAWHA COUNTY COMMISSION,
And KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official capacity,

    *Defendants*.

## CERTIFICATE OF SERVICE

      I, Robert P. Dunlap, II, do hereby certify on this 10th day of October 2019, I caused a true copy of the foregoing to be filed and served upon opposing counsel electronically using the CM/ECF system and to those not participating in electronic filing, by delivering the same, via U.S. Mail, postage prepaid, to the following persons:

Johnnie E. Brown, Esquire
Pullin, Fowler, Flanagan, Brown & Poe PLLC
James Mark Building
901 Quarrier Street
Charleston, WV  25301
*Counsel for Kanawha County Defendants*

     /s/ Robert P. Dunlap, II
     ROBERT P. DUNLAP, II (WV State Bar #10012)
     208 Main Street
     Beckley, WV 25801
     Phone: 304-255-4762
     Fax: 304-255-4760
     Email: robertdunlapesq@gmail.com

     A. Scott Bolden, *pro hac vice*
     Andy M. Weiner, *pro hac vice*
     Reed Smith LLP
     1301 K Street NW, Suite 1000 - East Tower
     Washington, DC 20005
     Phone: (202) 414-9200
     Fax: (202) 414-9299
     Email: abolden@reedsmith.com
     Email: aweiner@reedsmith.com