```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

JIMMIE C. GARDNER,

    Plaintiff,

v.                                        Civil Action No. 2:17-cv-03934

KANAWHA COUNTY COMMISSION;
and KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official
capacity;

    Defendants.

## ORDER

Pending is defendants Kanawha County Commission ("KCC") and Kanawha County Prosecuting Attorney's ("Prosecuting Attorney") motion to stay, filed November 26, 2019.

The defendants wish to stay all proceedings and current deadlines pending the court's resolution of KCC's motion for relief from the order denying its motion to dismiss and the Prosecuting Attorney's motion for leave to file an amended answer and to file an additional motion to dismiss.  In its December 5, 2019 order, the court denied KCC's motion for relief from the order denying its motion to dismiss and the Prosecuting Attorney's motion for leave to file an amended answer, and the court granted the Prosecuting Attorney's motion for leave to file an additional motion to dismiss solely addressing the

Eleventh Amendment issue. Although these motions are no longer pending, the Prosecuting Attorney filed the additional motion to dismiss on December 27, 2019. The motion has since been fully briefed, it is ripe for review, and its resolution, if favorable to the Prosecuting Attorney, may also resolve the claim against KCC.

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place . . . for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c)(1)(A), (B). The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."). In exercising its discretion to grant a stay, a court "must weigh competing interests." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). This court considers three factors when determining whether to grant a

motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (quoting Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)).

The additional motion to dismiss raises a potentially dispositive legal issue, the resolution of which may obviate the need for or limit discovery in this case. It does not appear that the plaintiff will suffer any significant prejudice in delaying the proceedings until that time.

Having considered the applicable factors, the court ORDERS that defendants' motion to stay be, and it hereby is, granted. It is further ORDERED that this action be, and it hereby is, stayed pending the further order of the court.

The Clerk is directed to forward copies of this order to all counsel of record and to any unrepresented parties.

ENTER: March 12, 2020

John T. Copenhaver, Jr.
Senior United States District Judge