UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JIMMIE C. GARDNER,

      Plaintiff,

v.                          Civil Action No. 2:17-cv-03934

KANAWHA COUNTY COMMISSION;
and KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official
capacity;

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Kanawha County Prosecuting Attorney's ("Prosecuting Attorney") motion to dismiss, filed December 27, 2019.

I.   <u>Background</u>

The factual and procedural background of this action is fully set forth in the court's August 28, 2019 order, and is incorporated herein by reference.  See <u>Gardner v. Kanawha Cnty.</u>, No. 2:17-cv-03934, 2019 WL 4072712 (S.D. W. Va. Aug. 28, 2019) (ECF No. 57).  Briefly stated, the plaintiff instituted this action against defendants for their various roles in his investigation, prosecution, conviction, incarceration, exoneration, and re-prosecution.  The complaint asserted claims

against the defendants for deprivation of rights under 42 U.S.C. § 1983; malicious prosecution and abuse of process; unjust conviction and imprisonment under common law; negligent hiring, retention, and supervision; and intentional infliction of emotional distress.

In its August 28 order, the court granted the defendants' respective motions to dismiss except the court denied the motion to dismiss the Count I "§ 1983 claim against the Prosecuting Attorney's Office and, by extension, the County Commission of Kanawha County, under either a final policymaking authority or a custom or usage theory of liability." Gardner, 2019 WL 4072712, at *22. In its December 5, 2019 order, the court granted the Prosecuting Attorney's motion for leave to file an additional motion to dismiss solely addressing the argument that the Eleventh Amendment affords the Prosecuting Attorney immunity, which would also relieve the Kanawha County Commission ("KCC") of vicarious liability. The additional motion to dismiss is now ripe for review.

## II.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2);

<u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The required "short and plain statement" must provide "'fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), overruled on other grounds, <u>Twombly</u>, 550 U.S. at 563).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570); <u>see</u> <u>also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d 380, 386 (4th Cir. 2009).  The court must also "draw[ ] all reasonable ... inferences from th[e] facts in the plaintiff's favor."  <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

### III. <u>Discussion</u>

        In the motion to dismiss, the Prosecuting Attorney argues that it is entitled to Eleventh Amendment immunity because the Prosecuting Attorney is an "arm of the state."  Mem. Supp. Mot. Dismiss, ECF No. 78, at 5-6.  In its memorandum in support of the Prosecuting Attorney's motion to dismiss, KCC

3

incorporates the legal arguments of the Prosecuting Attorney and claims that it cannot be held liable because the Prosecuting Attorney is entitled to Eleventh Amendment immunity.  Mem. Supp. Prosecuting Attorney's Mot. Dismiss, ECF No. 79, at 2.  The plaintiff responds that the Prosecuting Attorney and the KCC (collectively, "the defendants") are not entitled to Eleventh Amendment immunity because the four-part test outlined by the Fourth Circuit weighs in favor of defining the Prosecuting Attorney as a local government entity and not as an arm of the state.  Pl.'s Opp'n Mot. Dismiss, ECF No. 82, at 2, 4.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  To determine whether an entity is an "arm of the state" entitled to Eleventh Amendment immunity, courts consider four factors:

(1) whether any judgment against the entity as
defendant will be paid by the State or whether any
recovery by the entity as plaintiff will inure to the
benefit of the State; (2) the degree of autonomy
exercised by the entity, including such circumstances
as who appoints the entity's directors or officers,
who funds the entity, and whether the State retains a
veto over the entity's actions; (3) whether the entity
is involved with state concerns as distinct from non-
state concerns, including local concerns; and (4) how
the entity is treated under state law, such as whether
the entity's relationship with "the State [is]
sufficiently close to make the entity an arm of the
State."

S.C. Dept. of Disabilities & Special Needs v. Hoover Universal,

Inc., 535 F.3d 300, 303 (4th Cir. 2008) (alteration in

original).  To determine whether the Prosecuting Attorney is

afforded Eleventh Amendment immunity, the court must apply and

analyze these four factors.

A.   Funding

"[I]t is generally held that the most important

consideration is whether the state treasury will be responsible

for paying any judgment that might be awarded."  Ram Ditta v.

Md. Nat. Capital Park & Planning Comm'n, 822 F.2d 456, 457 (4th

Cir. 1987).  "[T]he impetus for the Eleventh Amendment [is] the

prevention of federal-court judgments that must be paid out of a

State's treasury."  Hess v. Port Auth. Trans-Hudson Corp., 513

U.S. 30, 48 (1994).

The Prosecuting Attorney acknowledges that it is funded by the county for operational costs and salaries.  Defs.' Reply, ECF No. 84, at 4.  However, the Prosecuting Attorney argues that the court must rely on other factors because the West Virginia Code and West Virginia case law are mute on whether a judgment against the Prosecuting Attorney would be paid by the general revenue of the county.  ECF No. 84, at 4.

Here, since the Prosecuting Attorney's funding comes from the county, this factor weighs against a finding of Eleventh Amendment immunity.  See, e.g., Carter v. City of Philadelphia, 181 F.3d 339, 348 (3d Cir. 1999) (finding that the funding factor weighed against immunity because no portion of the District Attorney's funds were provided by the state and no portion of any judgment will be paid directly or indirectly by the state); Bibbs v. Newman, 997 F.Supp. 1174, 1180 (S.D. Ind. 1998) ("The strongest argument in favor of treating the prosecuting attorney as a county official would be based on the county's funding of most deputy prosecuting attorneys and other office staff.").  In addition, under West Virginia law, there is no obligation for the state to pay the debts of the counties. W. Va. Const. art. X, § 6 ("[N]or shall the state ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person."); see also

<u>Fitchik v. N.J. Transit Rail Operations, Inc.</u>, 873 F.2d 655, 664
(3d Cir. 1989) (finding that the funding factor weighed against
immunity when less than one-third of the entity's operating fees
came from the state and the state had no obligation to pay the
entity's debts).

B.  <u>Autonomy</u>

        The defendants argue that the Prosecuting Attorney is
controlled by the state because it exercises the authority of
the state.  ECF No.84, at 5.  The plaintiff argues that in West
Virginia, "there exists a series of indicia suggestive of county
control over prosecuting attorneys," such as West Virginia law
categorizing Prosecuting Attorney employees as county employees
and allowing Prosecuting Attorney appointments with the advice
and consent of the county.  ECF No. 82 at 6.

        Courts have held that a prosecuting attorney's office
is a state agency when the Attorney General ("the AG") has
authority over the office and can take over cases that are being
covered by the prosecuting attorneys.  <u>See, e.g.</u>, <u>Carter</u>, 181
F.3d at 353 (finding that the autonomy factor weighed against
immunity because the Pennsylvania AG was without authority to
replace the district attorney or supersede a district attorney's
decisions generally); <u>Miller v. City of Boston</u>, 297 F.Supp.2d

7

361, 369 (D. Mass. 2003) (finding that the District Attorney is a state agency in part because "the Attorney General has supervisory authority over all district attorneys and can take charge of cases that are being handled by the district attorneys").

In West Virginia, the AG is without authority to replace a prosecuting attorney. State v. Ehrlick, 64 S.E. 935, 936 (W. Va. 1909) ("No doubt the Attorney General may assist the prosecuting attorney in the prosecution of such business, . . . but he cannot displace that officer.").  The West Virginia AG also cannot supersede a prosecuting attorney's decisions generally and can only "consult with and advise the several prosecuting attorneys in matters relating to the official duties of their office, and may require a written report from them of the state and condition of the several causes."  W. Va. Code § 5-3-2; see also Ehrlick, 64 S.E. at 936 (finding that the AG does not have "control over [the prosecuting attorney] within his own province").

The West Virginia AG can only provide special prosecuting attorneys when requested by a prosecuting attorney and can "require the several prosecuting attorneys to perform, within the respective counties in which they are elected, any of the legal duties required to be performed by the attorney

general which are not inconsistent with the duties of the
prosecuting attorneys as the legal representatives of their
respective counties."  W. Va. Code § 5-3-2.  These limited state
powers over the Prosecuting Attorney are outweighed by the
autonomy given to the Prosecuting Attorney under West Virginia
law, so the second factor also weighs against immunity.

C.  State Concerns Distinct From Non-State Concerns

        Under this factor, the defendants argue that the
concerns of the Prosecuting Attorney are state-wide, not local.
ECF No. 84, at 7.  The defendants also contend that the
Prosecuting Attorney "is tasked with upholding the public policy
of the State of West Virginia when it prosecutes criminal
offenders" because crimes are delineated by the West Virginia
Legislature.  ECF No. 84, at 8.  The plaintiff responds that the
Prosecuting Attorney attends to non-state concerns because it
prosecutes crimes only within the county.  ECF No. 82, at 8-9.

        This factor weighs against finding immunity because
the Prosecuting Attorney is primarily involved with matters of
local concern, not state-wide concern.  See W. Va. Code § 7-4-1
("The prosecuting attorney shall attend to the criminal business
of the state in the county in which he or she is elected and
qualified[.]" (emphasis added)); Ehrlick, 64 S.E. at 936 ("We

9

may say the office of prosecuting attorney has been carved out
of that of Attorney General and made an independent office,
having exclusive control, to some extent, of business of the
state, <u>arising within the county</u>." (emphasis added)).

D.   <u>Treatment Under State Law</u>

          Under the section governing county organization, the
West Virginia constitution states that the "voters of each
county shall elect . . . a prosecuting attorney[.]"  W. Va.
Const. amend. IX, § 1.  West Virginia Code § 7-4-1 governs the
duties of a county prosecuting attorney.  Those duties are
described in broad terms:

>     The prosecuting attorney shall attend to the criminal
>     business of the state in the county in which he or she
>     is elected and qualified and when the prosecuting
>     attorney has information of the violation of any penal
>     law committed within the county, the prosecuting
>     attorney shall institute and prosecute all necessary
>     and proper proceedings against the offender and may,
>     in such case, issue or cause to be issued a summons
>     for any witness the prosecuting attorney considers
>     material.

W. Va. Code Ann. § 7-4-1(a).

          West Virginia law holds that a public employee is
considered an employee of the entity that can exercise control
over that employee.  <u>Atkinson v. County Comm'n of Wood County</u>,
489 S.E.2d 762, 766 (W. Va. 1997) ("The pivotal consideration in

determining whether an individual is an employee of a given
entity is whether the purported employer has the power of
control over the individual.").  A review of West Virginia law
suggests that, at least in some respects, county prosecutors are
subject to the control of county government.  See W. Va. Code §
7-7-7(a) (listing prosecuting attorney as a county employee and
requiring county prosecutors to obtain express consent of the
county commission before appointing assistant prosecutors);
Haney v. Cnty. Comm'n of Preston Cnty., 575 S.E.2d 434, 440 (W.
Va. 2014) ("County Commission employees include employees of the
various elected county officials including the county clerk,
circuit clerk, county assessor, and prosecuting attorney.");
Amoroso v. Marion Cnty. Comm'n, 305 S.E.2d 299, 303 (W. Va.
1983) ("County commissions . . . set the budgets for [the]
offices of . . . [elected] county officials."); State ex rel.
Morrisey v. W. Va. Office of Disciplinary Counsel, 764 S.E.2d
769, 781 (W. Va. 2014) ("[T]he intent of W. Va. Code § 7-7-7(a)
'was for the county [commission] initially to confirm or refuse
to confirm a [prosecutor's] appointees as part of our system of
checks and balances.  Without that authority, the county
[commission] cannot effectively discharge its overall
responsibilities in governing the county.'" (alterations in
original) (quoting State ex rel. Dingess v. Scaggs, 195 S.E.2d
724, 725 (W. Va. 1973))).

As the defendants argue, under West Virginia law, a county prosecutor pursuing a criminal prosecution exercises the authority of the state.  See Syl. Pt. 2, State ex rel. Preissler v. Dostert, 260 S.E.2d 279, 280-81 (W. Va. 1979) ("The prosecuting attorney is a constitutional officer who exercises the sovereign power of the State at the will of the people and he is at all times answerable to them"); see also Morrisey, 764 S.E.2d at 788 (noting that "[it is] the duty of the [county] prosecuting attorney to attend to the criminal business of the State in the county in which he is elected and qualified . . ." and that "[g]enerally speaking, the [county] prosecutor has exclusive authority to prosecute criminal offenses at the trial level in the name of the state." (internal citations omitted)).

However, the "performance of a sovereign function, such as investigation and prosecution of crime," is not "alone sufficient to accord local prosecutors sovereign immunity." Carter, 181 F.3d at 350 (emphasis added).  Since "many local officials act in the name of the state and carry out delegated sovereign functions," giving all these local officials immunity would "prove[] too much."  Id. (citing Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency, 440 U.S. 391, 401 (1979) ("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as

12

counties and municipalities even though such entities exercise a 'slice of state power.'" (alteration in original))).

Here, the fourth factor also weighs against finding immunity.  Simply acting in the name of West Virginia when carrying out prosecutorial duties is not alone sufficient to qualify the Prosecuting Attorney as an arm of the state entitled to Eleventh Amendment immunity.

**E.  Balancing**

Inasmuch as all four factors weigh against finding the Prosecuting Attorney as an arm of the state, the Prosecuting Attorney is not entitled to Eleventh Amendment immunity.

**IV.  Conclusion**

Accordingly, it is ORDERED that the Kanawha County Prosecuting Attorney's motion to dismiss based on Eleventh Amendment immunity be, and it hereby is, denied.  It is further ORDERED that the stay pending resolution of this motion be, and it hereby is, lifted.

The Clerk is directed to forward copies of this order to all counsel of record and to any unrepresented parties.

ENTER: August 7, 2020

John T. Copenhaver, Jr.
Senior United States District Judge