```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**JIMMIE C. GARDNER,**

       Plaintiff,

v.                                    Civil Action No. 2:17-cv-03934

**KANAWHA COUNTY COMMISSION;**
and **KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official
capacity;**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Jimmie Gardner's "motion for clarification and/or to reopen discovery," filed October 5, 2020.  ECF No. 106.

On August 28, 2019, the court entered an order lifting a stay of this action and setting a schedule that included a February 21, 2020 date for close of discovery.  ECF No. 58.  On November 26, 2019, Defendants Kanawha County Commission and Kanawha County Prosecuting Attorney filed a motion to again stay the proceedings pending the resolution of the Commission's motion for relief from an order denying its motion to dismiss and the Prosecuting Attorney's motion for leave to file an amended answer and an additional motion to dismiss.  ECF No. 71.

On December 5, 2019, the court granted leave for the Prosecuting Attorney to file an additional motion to dismiss but denied leave to file an amended answer. ECF No. 73. On March 12, 2020, the court entered a stay of the case pending the resolution of that motion to dismiss. ECF No. 88. The court subsequently lifted the stay on August 7, 2020 after denying the motion to dismiss and entered a new scheduling order that did not include a close of discovery deadline. ECF Nos. 90 and 91.

In the pending motion, Gardner indicates that he seeks to depose three individuals, former prosecutors William Forbes, Reagan Whitmyer, and John Frail, whose affidavits were attached to the defendants' pending motion for summary judgment, but the defendants refuse to participate in the depositions since discovery closed on February 21, 2020. ECF No. 106, at 2-3. He further asserts that the defendants refused to respond to interrogatories and requests for production while the motion to stay was pending between November 2019 and March 2020 and that this "unilateral refusal to participate in discovery" has rendered him unable to depose witnesses absent a court order. Id.

The defendants respond that good cause does not exist to modify the current scheduling order and permit the depositions of these witnesses for several related reasons. First, the identities of the witnesses Gardner seeks to depose

were never hidden inasmuch as their roles in the conviction underlying this case have long been known to the plaintiff and they were initially named defendants in this action. ECF No. 107, at 4-5. Second, while Gardner did move to compel written discovery prior to the entry of the March 12, 2020 stay, the plaintiff did not move to compel depositions or even request that they be taken prior to the close of discovery or entry of the stay. Id. at 5. Third, Gardner has generally not been diligent in seeking a continuance of discovery inasmuch as he has moved to modify the schedule after a motion for summary judgment has been fully briefed and the discovery deadline elapsed. Id. at 6.

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if "it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief</u> . . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. <u>If that party was not diligent, the inquiry should end</u>.

Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (emphasis in original).

3

The court agrees with the defendants that good cause does not exist to modify the current schedule and permit the depositions of the three witnesses. Gardner had ample time to depose these witnesses during the period for discovery, which elapsed prior to the March 12, 2020 stay of the proceedings. Regardless of the dispute surrounding written discovery, there is no indication that Gardner sought to depose these known individuals until that stay was lifted on August 7, 2020 – long after discovery had closed. Gardner has not been diligent in seeking the depositions or a general continuance of discovery deadlines, and the court will not accommodate his request to modify the schedule at this late hour.

Accordingly, insofar as Gardner's motion (ECF No. 106) seeks clarification of the court's prior orders, it is ORDERED that the motion be, and it hereby is, GRANTED. Insofar as the motion seeks to reopen discovery to conduct depositions, it is ORDERED that the motion be, and it hereby is, DENIED.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 21, 2020

John T. Copenhaver, Jr.
Senior United States District Judge