UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JIMMIE C. GARDNER,

        Plaintiff,

v.                                    Civil Action No. 2:17-cv-03934

KANAWHA COUNTY COMMISSION;
and KANAWHA COUNTY PROSECUTING
ATTORNEY, in his official
capacity;

        Defendants.

MEMORANDUM OPINION AND ORDER


        Pending is plaintiff Jimmie C. Gardner's motion for

reconsideration of the court's October 21, 2020 order denying

his motion to reopen discovery, filed October 28, 2020.  ECF No.

109.  Relatedly, counsel for the plaintiff has attached a

Federal Rule of Civil Procedure 56(d) declaration to Gardner's

September 21, 2020 response to the pending motion for summary

judgment.  ECF No. 103-8.  This memorandum opinion and order

addresses the issues presented in both filings.


                        I.  Background


        On September 6, 2017, Gardner filed this action

relating to the use of West Virginia State Police serologist

Fred Zain as a witness at his 1990 criminal trial, which

resulted in a now-vacated conviction.  ECF No. 1.  He initially

asserted claims against several defendants, including, <u>inter</u> <u>alia</u>, William Forbes, Reagan Whitmyer, and John Frail, individually.  <u>Id.</u>  Forbes served as the elected Kanawha County Prosecuting Attorney ("Prosecuting Attorney") at the time of Gardner's 1990 trial, and Whitmyer and Frail, as assistant prosecuting attorneys, served as trial counsel for the Prosecuting Attorney.

In an August 28, 2019 memorandum opinion and order, the court dismissed the claims asserted against Forbes, Whitmyer, and Frail.  ECF No. 57, at 64.  After that memorandum opinion and order was entered, Gardner's sole remaining claims were those asserted under 42 U.S.C. § 1983 against the Kanawha County Commission ("County Commission") and the Prosecuting Attorney based on an alleged failure to disclose evidence concerning Zain's qualifications and credibility in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the use of Zain's false testimony at trial in violation of <u>Giglio v. United</u> <u>States</u>, 405 U.S. 150 (1972).  <u>Id.</u> at 63-64.

The court also entered a scheduling order on August 28, 2019, setting a roughly six-month period of discovery to close on February 21, 2020.  ECF No. 58.  On November 26, 2019, defendants County Commission and Prosecuting Attorney filed a motion to stay the proceedings pending the resolution of a

motion by the County Commission for relief from the August 28, 2019 memorandum opinion and order and a separate motion by the Prosecuting Attorney for leave to file an amended answer as well as an additional motion to dismiss. ECF No. 71.  On December 5, 2019, the court: (1) denied relief from the August 28, 2019 memorandum opinion and order; (2) granted leave for the Prosecuting Attorney to file an additional motion to dismiss; and (3) denied leave to file an amended answer.  ECF No. 73. The court did not rule on the motion to stay at that time.

Gardner subsequently filed a response opposing a stay on December 10, 2019.  ECF No. 74.  This response noted that "Defendants are in default of their discovery obligations[,] having failed to respond to Plaintiff's interrogatories and requests for production which were due December 2, 2019 . . . ." Id. at 1.

Discovery closed on February 21, 2020 without any further action by the parties to alter the existing deadlines. On March 10, 2020, Gardner filed a motion to compel discovery, seeking a court order to obtain the above-mentioned interrogatories and requests for production.  ECF No. 87. Couched in that motion, Gardner also requested, for the first time, an order modifying the August 28, 2019 scheduling order, to "allow Plaintiff time to review Defendants' discovery

responses, propound subsequent requests if necessary, and depose witnesses and/or experts." Id. at 6-7.

The court subsequently granted the November 26, 2019 motion to stay on March 12, 2020. ECF No. 88. In doing so, the court stayed all deadlines pending the resolution of the motion to dismiss authorized by the December 5, 2019 order. The court emphasized that the resolution of that motion could "obviate the need for or limit discovery in this case." Id. at 3.

The court resolved the motion to dismiss and lifted the stay on August 7, 2020. ECF 89. The scheduling order entered thereafter did not include a new close of discovery date. ECF No. 90.

On August 11, 2020, United States Magistrate Judge Dwane L. Tinsley granted the motion to compel that had been pending since March 10, 2020, stating:

> Defendants Kanawha County Commission and Kanawha
> County Prosecuting Attorney . . .  are ORDERED to
> respond to the outstanding requests for production and
> interrogatories, and any other outstanding discovery
> requests, on or before Monday, August 31, 2020. The
> parties are further ORDERED to communicate with each
> other as to any issues regarding any other discovery.

ECF No. 92. The Magistrate Judge did not purport to modify the scheduling order. Id.

4

The defendants filed a motion for summary judgment on September 8, 2020.  ECF No. 100.  As a part of Gardner's September 21, 2020 response, counsel for the plaintiff filed a Rule 56(d) declaration asserting that summary judgment is premature and that more time should be afforded for discovery. ECF No. 103-8.

On October 5, 2020, Gardner filed a separate motion to clarify the court's prior orders and, if necessary, reopen discovery for the purposes of deposing Forbes, Whitmyer, and Frail.  ECF No. 106.  The court denied the motion on October 21, 2020, concluding:

> [G]ood cause does not exist to modify the current schedule and permit the depositions of the three witnesses.  Gardner had ample time to depose these witnesses during the period for discovery, which elapsed prior to the March 12, 2020 stay of the proceedings. Regardless of the dispute surrounding written discovery, there is no indication that Gardner sought to depose these known individuals until that stay was lifted on August 7, 2020 – long after discovery had closed. Gardner has not been diligent in seeking the depositions or a general continuance of discovery deadlines, and the court will not accommodate his request to modify the schedule at this late hour.

ECF No. 108.

## II.  Analysis

The court first turns to the motion to reconsider the
order denying the motion to reopen discovery.  Gardner contends
that the court committed clear error inasmuch as it concluded
that he failed to seek a continuance of discovery or depositions
prior to the March 12, 2020 stay despite the facts that he: (1)
first raised the issues of difficulties in obtaining discovery
in his December 10, 2019 response to the defendants' motion to
stay discovery, ECF No. 73; and (2) again raised the issue in
his motion to compel written discovery on March 10, 2020, ECF
No. 87, prior to the March 12, 2020 stay.  ECF No. 109, at 10.
The plaintiff also claims that the court's conclusion that
discovery closed on February 21, 2020 is inconsistent with the
March 12, 2020 stay order itself inasmuch as that order, which
simply stayed "this action," stayed discovery after the
discovery deadline passed.  Id. at 10 n. 1.  Additionally,
Gardner states that he did not receive the written discovery
that was the primary subject of the March 10, 2020 motion to
compel until that motion was addressed by Magistrate Judge
Tinsley on August 11, 2020 after the stay had been lifted and
that it would be unfair to expect that he could conduct
depositions without the written discovery.  Id. at 11.  Gardner
generally argues that the failure to afford him more time to

6

take the depositions would render a manifest injustice.  Id. at
10.

"[A] court may revise an interlocutory order under the
same circumstances in which it may depart from the law of the
case: (1) 'a subsequent trial produc[ing] substantially
different evidence'; (2) a change in applicable law; or (3)
clear error causing 'manifest injustice.'"  Carlson v. Boston
Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Am. Canoe
Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003))
(second alteration in original).  An interlocutory order does
not constitute clear error causing manifest injustice "by being
just maybe or probably wrong . . . . It must be dead wrong."
U.S. Tobacco Coop., Inc. v. Big South Wholesale of Virginia,
LLC, 899 F.3d 236, 258 (4th Cir. 2018) (quoting TFWS, Inc. v.
Franchot, 572 F.3d 186, 194 (4th Cir. 2009)).

Although he did not note these points in his October
5, 2020 motion to reopen discovery, the court observes that
Gardner did, in fact, mention the difficulties he faced
obtaining written discovery in his December 10, 2019 response to
the motion to stay and request an extension of discovery in the
March 10, 2020 motion to compel addressed by the Magistrate
Judge.

Nevertheless, these points do not upend the court's reasoning regarding the lack of good cause to reopen discovery stemming from a lack of diligence.  Any request for a court order, such as one necessary to extend the discovery period, must be raised by motion.  See Fed. R. Civ. P. 7(b).  The roughly six-month discovery period elapsed on February 21, 2020 without any motion by the plaintiff seeking an extension of discovery deadlines.  Gardner did not affirmatively request an extension of discovery until eighteen days after the discovery deadline passed even though he had complained of the defendants' alleged obstinance in December of 2019.  Gardner's delay in seeking an extension of discovery cannot be described as anything other than a lack of diligence.

This conclusion is bolstered by the fact that Gardner's complaint, filed on September 6, 2017, named Forbes, Whitmyer, and Frail as individual defendants.  That depositions of these individuals might be appropriate should have been exceedingly clear from the onset of this case, regardless of the defendants' participation in written discovery.  Yet, Gardner made no effort to do so and did not request any relief until the discovery period had passed.

8

Finally, the court's March 12, 2020 stay order is not inconsistent with the conclusion that discovery generally closed on February 21, 2020.  Gardner filed the motion to compel on March 10, 2020 – two days prior to the entry of the stay order. The March 12, 2020 stay order indicated that the resolution of the pending motion to dismiss could obviate the need for further discovery, and this reasoning applied to the outstanding requests for production and interrogatories sought by the pending motion to compel.  If the court had granted the motion to dismiss, there would have been no need to compel the written discovery.  The court, however, considered discovery to be otherwise closed inasmuch as the schedule plainly set a February 21, 2020 close of discovery deadline.

Accordingly, the court finds that the order denying the motion to reopen discovery did not constitute clear error causing manifest injustice.  The motion for reconsideration is denied.

The court next turns to the Rule 56(d) declaration, which relates to the issue of reopening discovery.[1]  Gardner asserts that he "cannot present all facts essential to support"

---

[1]     The court does not address the merits of the defendants' pending motion for summary judgment (ECF No. 100), which will be resolved by separate order.

his opposition to the defendants' motion for summary judgment inasmuch as he has not had an "opportunity to engage in meaningful discovery of the underlying issues in this case." ECF No. 103-8, at 2 (emphasis in original). Specifically, he seeks further discovery in the following areas: (1) "[e]vidence regarding [the Prosecuting Attorney's] possession of Brady/Giglio evidence and its knowledge of Zain's unreliability;" (2) "evidence of [the Prosecuting Attorney's] Brady/Giglio policy;" (3) "[e]vidence of [the Prosecuting Attorney's] decisions to call Zain as an expert witness after Zain was no longer employed by the State Police Crime Lab;" and (4) "[e]xamination of witnesses" regarding issues arising from the other areas of discovery he seeks. Id. at 2-4. He claims that he did not have a meaningful opportunity to conduct discovery on these matters "due to court-ordered stays (at Defendants' requests) and Defendants' refusal to comply with their basic discovery obligations until this Court compelled them to do so." Id. at 2.

Rule 56(d) states, in full:

> When Facts Are Unavailable to the Nonmovant. If a
> nonmovant shows by affidavit or declaration that, for
> specified reasons, it cannot present facts essential
> to justify its opposition [to a motion for summary
> judgment], the court may:
> (1) defer considering the motion or deny it;

10

> (2) allow time to obtain affidavits or declarations or
> to take discovery; or
> (3) issue any other appropriate order.

"[N]onmovants do not qualify for Rule 56(d) protection where they had the opportunity to discover evidence but chose not to." McCray v. Maryland Dept. of Transp., 741 F.3d 480, 484 (4th Cir. 2014); see also Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 246 (4th Cir. 2002) (considering whether the plaintiff was "dilatory in pursuing discovery"). Similarly, the Fourth Circuit has recognized that diligence in pursuit of discovery rights is necessary, stating that Rule 56(f), the precursor to the current Rule 56(d), "is not designed to protect 'those who slumber upon perceptible rights.'" CBRE Realty Fin. TRS, LLC v. McCormick, 414 F. App'x 547, 551 (4th Cir. 2011) (quoting Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996)). Thus, Rule 56(d) relief is not appropriate where the materials the nonmovant seeks could have been sought during the discovery period, the nonmovant does not allege that he has been surprised by materials already produced during discovery, and "the basis for relief [is] clear on the face of the complaint." Id.

The court rejects Gardner's Rule 56(d) argument. As discussed above, Gardner has not been diligent in seeking discovery. Gardner had roughly six months to attempt to seek

11

the desired discovery from the defendants and, if unsuccessful,
move for a court order either compelling the defendants to
accommodate the relevant discovery requests or extending the
discovery period.  He did not avail himself of these options.

Further, the § 1983 claims for Brady and Giglio
violations were alleged in the complaint and were the only
claims remaining in this action when the discovery period began
on August 28, 2019.  Indeed, these claims have been at the heart
of this case from the outset.  Thus, the discovery sought has
been pertinent since the inception of this action – long before
discovery commenced – and Gardner cannot allege any surprise
that might constitute a reason to withhold summary judgment.
The court therefore denies Rule 56(d) relief.

Accordingly, it is ORDERED that:

1.    Gardner's motion for reconsideration (ECF No.
109) be, and it hereby is, DENIED.

2.    Gardner's Rule 56(d) request is DENIED.  The
court makes no ruling on the merits of the defendants' motion
for summary judgment (ECF No. 100), which will be addressed by
separate order.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 18, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge

13